**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LYNNE KORFF, as Statutory Plaintiff and
surviving mother of Timothy O'Brien
deceased - on behalf of all Statutory
Plaintiffs,

        Plaintiff-Appellant,

 v.

CITY OF PHOENIX, a municipality; et
al.,

        Defendants-Appellees.

No.   16-16020

D.C. No. 2:13-cv-02317-ESW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Eileen Willett, Magistrate Judge, Presiding[**]

Argued and Submitted October 18, 2017
San Francisco, California

Before: HAWKINS, W. FLETCHER, and TALLMAN, Circuit Judges.

---

   [*]  This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

   [**]  The parties consented to proceed before a magistrate judge.

The purpose of summary judgment is to identify whether material fact questions exist, not to resolve them. In this 42 U.S.C. § 1983 civil rights action,[1] the district court granted summary judgment on claims arising out of a June 2012 confrontation between two Phoenix police officers and the late Timothy O'Brien at a public park. According to the officers, O'Brien was wielding a baseball bat, advancing towards them, and disregarding commands to stop and drop the bat when they fired their weapons. O'Brien's mother, Lynne Korff ("Korff"), contends that her son had dropped the bat and was no longer advancing towards the officers when the fatal shots were fired. Taking the evidence put forward on O'Brien's behalf and, as we must, making all inferences from the record evidence in O'Brien's favor, we conclude that a jury must resolve this critical factual dispute. *See Bracken v. Okura*, 869 F.3d 771, 778 (9th Cir. 2017) (citing *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017)). Accordingly, we reverse and remand.

This factual dispute is also central to the officers' assertion that they are entitled to qualified immunity and Korff's state law negligence claim against the City of Phoenix.

Because nothing in the record suggests that the magistrate judge could not fairly and correctly apply the law on remand, we decline the suggestion that the case be

---

[1] Korff also brings a related negligence claim under Arizona law.

assigned to a different judge. Neither our determination that summary judgment was erroneously granted nor the preservation of the appearance of justice warrants reassignment on remand. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1196 (9th Cir. 2000).

Our conclusions necessitate the vacatur of the fee and cost award below.[2]

**REVERSED AND REMANDED.**

---

[2] For that reason, Appellees' Motion to Strike Korff's Amended Notice of Appeal is denied as moot.